(Decided April 18th, 1860.).

## Appeal of Laurence Thomson, and others, in the case of Winn & Ross *vs.* Albert & Wife, and others.

Where the Court of Appeals has declared a deed of trust for the benefit of creditors "to be void, that decision is the *law of the case*, and must govern in all further proceedings in the *same cause*, notwithstanding a different decision upon a similar deed, may have been subsequently made by the court in *another case.*

Proof of a usage among merchants in Baltimore sanctioning preferences for claims for money lent for short periods, without security or interest, in cases of conventional arrangements between a merchant in embarrassed circumstances and his creditors, does not establish a *general usage*, which, *per se*, creates such a lien on the estate of an insolvent, as should be enforced by the court against the consent of his other creditors, and in opposition to the principles of the insolvent system.

The design of the 2nd sec. of the Act of 1825, ch. 117, in reference to appeals from decrees in equity where accounts have been stated and exceptions filed thereto, was, that the record should present to the appellate court, the *same question* on which the court below had decided.

Where exceptants appeal from an order overruling their exceptions to an account, because it did not allow a preference to their claims and rati-

Thomson, *et al's* appeal in Winn & Ross *vs.* Albert & wife.

fying the account, the *onus* is on them to show *error* in such order, and they can, in the appellate court, insist upon their own exceptions *only*, and the order cannot be reversed, unless there was error in overruling such exceptions.

APPEAL from the Circuit Court for Baltimore city.

This appeal was taken on the 2nd of December 1857, by the appellants, from an order of the court below, passed on the 7th of November 1857, ratifying the auditor's account J., in the case of *Winn & Ross vs. Albert & wife, et al.*, and directing the proceeds to be distributed according to that account, and overruling all exceptions in the cause, and all other other accounts of the auditor inconsistent with this order.

The prior proceedings and decisions in the case of *Winn & Ross vs. Albert & wife, et al.*, will be found in the reports of the various appeals in 2 *Md. Ch. Dec.*, 42; 7 *Gill*, 446; 2 *Md. Ch. Dec.*, 169; and 5 *Md. Rep.*, 66. The appellants are the creditors named in the schedule annexed to the deed of trust for the benefit of creditors, executed by Samuel Jones, Jr., to Wm. Winn and Jas. Ross, on the 26th of October 1846, and, by the terms of that deed, their claims amounting in the aggregate to the sum of $4801.33, were to be paid in full by the trustees, out of the proceeds of sale of the property thereby conveyed, as a first preference. This preference was claimed by the appellants, both under the deed and upon other grounds, and was denied by the order appealed from.

The facts of the case and the grounds upon which the appellants assert their preference, are sufficiently stated in the reports of the cases before referred to, in the opinion of this court, and in the following opinion of the court below (KREBS, J.) delivered upon passing the order appealed from:

"These claimants, who are creditors of Samuel Jones, insist that they are entitled to be paid in full, and in preference to all other creditors of the said Jones, the amount of their respective claims, out of the insolvent estate of the said Jones, in the hands of the permanent trustees, for the benefit of his creditors, which was brought by them into the late court of

Chancery, under the order of that court passed in the above cause, and which it undertook to distribute. They found their claim upon the provisions of the deed of trust, from the said Jones to the said Winn & Ross, a copy of which is filed, in this cause, in which he conveys to them all his property, excepting a certain parcel, and directs them, after the payment of costs and charges attending the execution of the trust, &c., next to pay these creditors the amounts of their respective claims. I find, upon an examination of the proceedings that had taken place in this cause before it came into this court that this deed has been declared void by the highest judicial tribunal of this State, upon an appeal from an order of Chancellor Johnson, continuing the injunction which he had granted, which order was affirmed by the appellate court. Winn & Ross, who were the trustees named in this deed thus declared void, being, as the proceedings show, in court also in the character of permanent trustees, for the benefit of the creditors of the said Jones, and submitting to administer the insolvent estate in their hands, under its jurisdiction, the chancellor proceeded to direct them to account, &c., which they have done. This action of the court in this very case before it on appeal, appears to me to present an insuperable bar to the allowance of the claims of these claimants, as preferred debts, under the terms of this deed. To do so, this court, in the further proceedings in this cause, in reference to the distribution of this fund, which these claimants have instituted, must regard this deed as valid, and still subsisting, whereas it has, in this same case, been declared void. Now these claimants are undoubtedly bound by this decision. It has been made in a cause in which the trustees to whom the deed for the payment of their debts was made, were parties complainants, and themselves claimants parties defendants. They were so made defendants by the supplemental bill filed by the said Winn & Ross, as permanent trustees of the said Jones, which was filed, as their petition for leave to file the same shows, because if the deed of trust should 'be inoperative for any cause, the property thereby intended to be passed, had vested in them as permanent trus-

tees;' and it was therefore proper that they should be before the court in that capacity, and because they were 'advised that certain creditors of the said Jones, ought likewise to be made parties to this suit, in order that the matters in issue therein may be properly litigated.' The creditors referred to were those who had been preferred in this deed, viz: these very claimants; and amongst these matters in issue, was the question as to the validity of this deed. These defendants in their answer to the said supplemental bill, insist upon the validity of said deed, and pray a decree for the payment of their respective claims, 'according to the priorities stipulated for them by its terms.' After all these proceedings, the motion to dissolve the injunction was heard, and it was upon the appeal from the chancellor's order thereon that the question, in regard to the validity of this deed of trust, was examined by the Court of Appeals, and the deed declared void. I cannot avoid the conclusive force of the point, that the other creditors of Jones, interested in resisting the preference claimed by these claimants, may make, viz: that the law of *this case* in regard to deeds of trust of this character has been settled by the Court of Appeals; and that this deed having been declared void by that court, these claimants can set up no right under it.

"But, assuming that the question in regard to the validity of this deed is yet open, and that these claimants have still the right to insist that it is valid, the next inquiry is, can they *successfully maintain* their position against the objection made by the exceptants, that it is void under the provisions of our insolvent laws ? The questions presented upon this objection, arise under the 1st section of the Act of 1834, ch. 293, and are 1st, had Jones at the time of the execution of this deed 'no reasonable expectation of being exempted from liability, or execution for, or on account of his debts, without applying for the benefit of the insolvent laws ?' and secondly, if so, had these creditors, presenting these preferred claims, 'notice of the condition of the insolvency as aforesaid of the said debtor ?' In the late case in the Court of Appeals of this State, of *Brooks, Trustee, &c., vs. Thomas & Jerome,*

8 *Md. Rep.*, 367, the court says: 'A knowledge that a party is negotiating or compromising with his creditors, accompanied with the actual information that he was generally considered insolvent in his neighborhood, is, in contemplation of the Act of 1834, *notice of the condition of* insolvency of the debtor,' to be regarded 'as *an actual notice.*' It is to be observed that this deed, by which this preference to these creditors is created, is executed not immediately *to them*, but to *trustees, for their benefit.* Now, if the notice *to these trustees* of the condition of insolvency of Jones is sufficient to gratify the requirements of the Act of 1834, in regard to such notice, the proof that the said Winn & Ross had notice of his condition of insolvency, is furnished by the express statements to that effect, in the several bills of complaint filed in this case, to which they are parties, both in the character of trustees under the said deed, and permanent trustees for the benefit of his creditors. If, however, it be not sufficient that this condition of insolvency was known to Winn & Ross, *the trustees*, but if it be indispensable that *these creditors* who were to have been beneficially interested under the deed, *should have had notice of it*, I am of opinion that there is abundant proof in the pleadings and proceedings in this case to show, that they had full knowledge of his condition of insolvency before, and at the time when, the deed was executed. This was not done until after the meeting of his creditors, referred to in the proceedings. These creditors, in their answer to the supplemental bill of Winn, Ross and others, speak of this meeting of creditors, of 'its resolutions and action,' and insist that the deed was executed in pursuance of the views of the creditors of said Jones, 'who numerously attended a called meeting of the creditors at large of the said Jones,' at which meeting, from the manner in which these creditors in their answer detail its proceedings, it is to be inferred they were present. They there had '*knowledge* that *Jones* was *negotiating* or *compromising with his creditors*,' and this knowledge must have been 'accompanied with the *actual information* to *them*, that 'he was *generally considered insolvent*,' in *this community*, at the time when this

meeting was held, and before the deed was executed; they lived here, conducted business here, were his creditors specially interested in his affairs, and must be presumed to have had knowledge of the proceedings previously instituted by his creditors against him, for the purpose of preventing his giving preference to some of his creditors, for the very reason alleged in the bill filed by the creditors, that 'he was insolvent and unable to pay his debts, and had no reasonable expectation of protecting himself from the executions of his creditors, save only by an application for the benefit of the insolvent laws.' It appears to me then, that these creditors had the knowledge and information in regard to the dealings and arrangements of Jones with his creditors, and the opinion entertained in this community as to the insolvent condition of his affairs at the time this deed was granted, which the Court of Appeals, in the case of *Brooks, et al., vs. Jerome, et al.*, regard as an actual notice of the debtor's condition of insolvency, and that, therefore, this deed is not valid under the circumstances to give them a preference. There are other reasons, however, that would prevent this court from sustaining the preference that these creditors claim. They claim this right, either because—

"1. *This deed* provides for the *payment* of *their claims in preference* to those *of the other creditors*, or because—

"2. There *is a usage* amongst merchants in this city, *which makes claims against a debtor for moneys supplied to him for the purposes of his business, without consideration,* and by way of temporary loan, *preferred claims against his insolvent estate*.

"I am quite satisfied that if this preference is rested solely upon the provisions of this deed, directing the payment of these debts, in preference to those of other creditors, that it cannot be sustained; and that for the reason, that Jones, at the time he executed it, was, in the view of a court of equity, utterly disabled from giving a preference to any creditor, by a transfer of property to, or in trust for him, or in any other manner.

"On the 14th of September 1846, a bill was filed in the

35    v.15

Court of Chancery, by certain of the creditors of the said Jones, against him, in which they charged that he was hopelessly insolvent; that he had no reasonable expectation of being exempt from liability or execution for or on account of his said debts, without applying for the benefit of the insolvent laws; and that he designed and threatened to give preference *to certain of his creditors*, over *the rest of his creditors*, &c.; and in which they finally pray 'the writ of injunction against him, prohibiting him from conveying any portion of his property or effects to the favorite creditors specified in the bill, or *to any other of the creditors of the said Jones*, or to *any one in trust for them, to secure* or *pay the debts* due *from said Jones to them, respectively*, in *preference* to *the rest of his creditors.*' And thereupon the writ of injunction was issued against him *as prayed* by the said bill, *and in its very terms forbids his securing any of his creditors.* This injunction was in full force when this deed of trust was executed by Jones, and so far as it attempts to secure these creditors in preference to the rest of his creditors, it certainly violates that injunction. Chancellor Johnson, in his opinion delivered in this case, sustaining the injunction granted by him to restrain the execution of the decree obtained by Albert and wife, in Baltimore County court, takes precisely this view of the effect of the injunction previously granted by Chancellor Bland. In maintaining the allegations of the bill upon which that injunction was granted, he says that it charged that Jones, 'with that view and expectation, and designing to give a preference to certain of his creditors over the rest, was about to convey to Albert and wife, &c., and *to others* of *his creditors, then unknown* to *the complainants*,' and in stating the prayer of this bill, he says, that it 'prayed that the said Jones be enjoined from conveying to the said Albert and wife, or *any other of his creditors*, or to any *one else in trust for them*, to *secure* or *pay* the *debts* due from the said Jones *to them, respectively*, in *preference* to *the rest of his creditors.*' And Chancellor Johnson continued the injunction, for the reason, chiefly, that Jones' action in these proceedings, in Baltimore County

court, was equivalent to giving a preference to Albert and wife, which the injunction forbid. And the Court of Appeals, in its opinion upon the appeal from the Chancellor's order, says 'that by the proceedings of the 14th of September 1846,' (that is to say, the bill on which Chancellor Bland granted the injunction,) 'the Court of Chancery had drawn to itself the whole subject of Jones' insolvency, and his intent to prefer *certain creditors*, more particularly Albert and wife;' and 'that this injunction from chancery had interposed all the powers of that court between the parties and any avowed or contemplated intention of Jones, to secure them, *or any other of his creditors*,' (7 *Gill*, 484, 483,) and that the court sustained the chancellor's order, for the reason, also, that the proceedings in Baltimore County court violated the injunction prohibiting preferences on the part of Jones.

"The decree obtained by Albert and wife, in Baltimore County court, being rendered ineffectual for the purpose of satisfying their claim, because its execution was thus restrained by the injunction issued by Chancellor Johnson, they filed their claim, as these creditors have done, to a preference in the payment of their debt, out of this very fund now in this court; but the chancellor rejected their claim, and the Court of Appeals affirmed his action, upon the ground that the answer of Jones filed in the proceedings in Baltimore county court, upon which they relied as a promise in writing to give them a lien upon a specific part of his estate, even if it could be regarded as having that effect, could not be used by them for that purpose, because, as the court says, 'at the date of Jones' answer, which is relied upon as securing to the appellants the preference now claimed, he was under an injunction restraining him from giving a preference *in any form*, or *in any way*;'—'under such circumstances, it is difficult to perceive how the admission of the contract in the answer can give or aid in giving the preference. Surely this admission can have no greater effect than if made by recital in a deed. And such recital could create no lien, because it would have been void by the express prohibition of the in-

junction.' 5 *Md. Rep.*, 80. These claims then, if they are rested upon the provisions of this deed, executed after this injunction, for their right to a lien, and preference in payment out of this fund, must share the fate of the claim of Albert and wife; because Jones was just as effectually restrained by the injunction from preferring these creditors, as he was from preferring Albert and wife.

"Now, in regard to the usage which has been invoked to sustain these claims as a preferred lien upon the insolvent estate of Jones, will it accomplish the object? It is manifest, from a careful examination of the bill filed by Winn & Ross, which speaks in behalf of these claims, as well as from the answers of these creditors to that bill, that their right to the preference that they claim, is rested upon the supposed existence and effect of this usage amongst merchants in this community, in regard to claims of the meritorious character which these are supposed to possess. In this particular, however, they cannot well be regarded as occupying a higher rank than the claim of Albert and wife, which has been rejected. That was for funds in the hands of Jones, in a fiduciary capacity, which he should have kept sacred from all intermixture with, or application to, his business operations.

"If it be possible for any class of business men, in this community, to establish amongst themselves a usage which could limit and restrict the plain import and provisions of our insolvent laws, with a view to enable an insolvent debtor to prefer some particular class of his creditors, I find no proof in this case of any such usage, at least none that can affect the parties who are excepting to the allowance of these claims. For the reasons above stated, I must pass an order sustaining the exceptions of J. Hopkins, Bro. & Co., ratifying the auditor's account, and thus reject the claims of these creditors."

The cause was argued before ECCLESTON, TUCK and BARTOL, J.

*Chas. F. Mayer*, for the appellants:

1st. The case of these appellants is on the bills of the 13th.

DECEMBER TERM, 1859.        277

Thomson *et al's* appeal in Winn & Ross *vs*. Albert & wife.

of January 1847, and 30th of April 1847, which sustain and press their preferences, given by the deed of trust, and no recurrence is authorized to the bill of injunction of the 14th of September 1846, certainly no dependence on it exists; and, even if there were a legitimate combination of it with the other bills, the injunction issued on it could not have weight, as the complainants in it are complainants in these two final bills, *which waive the injunction,* and assert that its object is attained and office exhausted.   Besides, the fact of that injunction is a consideration relative only to the complainants in the bill for the injunction, which they controlled; and relative to their option to avail of it, and not to be used by others to debar action or nullify acts.   The case is before the court as on bill and answer under these bills of January and April; the answers of the appellants being thus assumed as true, and all in favor of the appellants that the bills state; and they make out the claim to preferred payment.   The Chancellor's decree of the 17th of January 1849, is to govern the account in requiring it to conform to the deed of trust that grants our preference.   The proof, also, makes out these claims to be preferences, and places them on the high ground sanctioned by the court in *Crawfords vs. Taylor,* 6 *G. & J.,* 332, and *Alexander vs. Ghiselin,* 5 *Gill,* 138.   See, also, 1 *Md. Ch. Dec.,* 59, *Sullivan vs. Tuck.* 4 *H. & J.,* 132, *McMechen et al., vs. Maggs.* 11 *Md. Rep.,* 452, *Triebert vs. Burgess.*

2nd. The decision of the Court of Appeals in *Kettlewell vs. Stewart,* 8 *Gill,* 472, is to govern in this case, which now, *for the first time,* brings up the consideration of our right as preferred creditors, and the validity of the deed of trust, under the statute of Elizabeth.   That decision is to rule, and not the *obiter dicta* in 7 *Gill,* 446, and it sustains, unquestionably, this deed of trust.   The *only* inquiry strictly for the court, in 7 *Gill,* was whether the bill of Albert and wife, on their claim against Jones, and for the ultimate object of an execution against Jones' property, was a proceeding that operated a preference and violated the injunction granted on the bill of the 14th of September 1846, and was an interference

with the pre-attaching and paramount jurisdiction of the Court of Chancery, under that injunction bill. An inquiry, such as the decision collaterally, though prominently, pursues into the validity of the deed of trust, in reference to creditor rights under the statute of Elizabeth, was altogether irrelevant and *obiter* matter; and all thus incidentally, and therefore inoperatively, introduced, stands directly contradicted and repudiated by the decision in *Kettlewell vs. Stewart.*

3rd. Under the bills and pleadings, no objection lies to our preferred claims under any point, of "undue and improper preference" in regard to the insolvent laws. If it were applicable, yet there is no testimony to support the objection; on the contrary, the testimony is the reverse by the criterion of such "preference," fixed by the Act of 1834, ch. 293. 9 *Gill*, 232, *Powles vs. Dilley. Ibid.*, 180, *Malcolm vs. Hall.* 7 *Gill*, 378, *Gardner vs. Lewis.* 1 *Gill*, 412, *Cole vs. Albers & Runge.* 6 *Md. Rep.*, 88, *Preston, et al., vs. Leighton.* 7 *Md. Rep.*, 177, *Falconer vs. Clark.* 8 *Md. Rep.*, 367, *Brooks, trustee, vs. Thomas, et al.*

4th. The preferences can be impaired in the state of the case only, at furthest, so far as concerns and benefits the interests of the actual exceptants to our claims, and to the extent only to the proportion which the total of their claims bears to the aggregate of all the claims embraced in the accounts. 3 *G. & J.*, 12, *McCormick vs. Gibson.*

5th. But, even to that degree, the preferences are not to be affected; because, as regards the exceptants, J. Hopkins, Brothers & Co., and Hopkins, Brothers & Co., *the complainants in the bills of January and April*, they are committed to the preferences, by acceding to the deed of trust and actually releasing, under it, the grantor Jones, as they aver in their bills. 7 *Md. Rep.*, 272, *Lanahan vs. Latrobe.* 11 *G. & J.*, 314, *Moale vs. Buchanan.* 4 *Md. Rep.*, 306, *Jones vs. Horsey.*

*G. L. Dulany*, and *Thos. S. Alexander*, for the appellees:

1st. That the deed from Jones to Winn and Ross, of the 26th of October 1846, under which the appellants claim their

preferences, was declared to be void by the decision of the Court of Appeals, on the appeal of *Albert & wife vs. Winn & Ross*, reported in 7 *Gill*, 446. That decision must be considered as the *law of this case*. The fact that the Court of Appeals afterwards changed their views in regard to the validity of such deeds, cannot affect *this case*, in which these appellants were parties, and in which the opinion was delivered declaring this *very deed* void.

2nd. The preference expressed in this deed was given in violation of the injunction of the Court of Chancery, issued to prevent Jones from giving preferences to particular creditors, and is, therefore, void and inoperative.

3rd. By an order passed on the 5th of March 1852, the account G is ratified. In that account it is assumed that the appellants are not entitled to the preferences now claimed, and the order, ratifying that account, must, in reference to this claim for a preference, be treated as *res adjudicata*, and by it the appellants are *estopped* from asserting such preference. 6 *Wheat.*, 109, *Hopkins vs. Lee.* 1 *How.*, 134, *Bank of U. S. vs. Beverly, et al.* 11 *Bligh*, 185, 186, *East India Co. vs. Campion.*

4th. But, if the question is now open, it is insisted, that, at the time of making this deed, Jones was in a condition of insolvency contemplated by the Act of 1834, ch. 293, and this deed, as creating preferences in favor of particular creditors, is void.

5th. Nor can the claim of the appellants be sustained, upon the ground of a *usage* among merchants in the city of Baltimore, that money supplied to a merchant for the purposes of his business without consideration, and by way of temporary loan, is a preferred claim. The reasoning on this point, in the opinion of the court below, is conclusive.

6th. The order cannot be reversed, because a part only of the creditors excepted to account K. The appellants excepted to account J, because it did not *allow their* preference. This account was ratified, and the order of ratification overrules all exceptions in the cause, and all other accounts of the auditor inconsistent with the order of ratifi-

cation. From this order the appellants have taken *this appeal*, and, in order to *reverse* it, *they must* show they were entitled to the preferences set up in *their* exceptions.

ECCLESTON, J., delivered the opinion of this court.

By a report filed on the 28th of November 1854, the special auditor, having shown how he ascertained the balance of estate for general distribution amongst all the creditors of Samuel Jones, Jr., proceeds with his report as follows: "He has then stated account J, between the estate of Samuel Jones, Jr., and the trustees, in which the balance, shown in hand by account H, is appropriated to the payment of dividends on all claims allowed. He has assumed, for the purposes of this account, that claims No. 29, No. 77, No. 78 and No. 115, are not entitled to the preferences insisted on by the exceptions of the claimants, filed on the eighth of March 1852. And lastly, at the instance of the solicitor for those claimants, he has stated an account K, between the estate and the trustees, in which he has allowed the full amount of claims No. 29, 77, and 78, reduced by the dividend allowed thereon by account G, and the full amount of claim No. 115, reduced by the dividend allowed thereon by account H, and the balance has been distributed amongst the remaining creditors."

On the 14th of December 1854, the following exception was filed.

"Laurence Thomson and Henry G. Jacobsen, partners, as Laurence Thomson & Co., Francis Forman, John Landstreet and Son, Charles R. Pearce, surviving partner of Birkhead & Pearce (said Birkhead having departed this life) except to the special auditor's accounts reported to this court, of the 28th of November 1854, save only the account K, so far as those accounts deny to your exceptants, as creditors of Samuel Jones, Jr., the preference granted to them for their respective claims (as described in the deed) under the deed of trust from said Jones to Winn and Ross, and they insist that said account K should be adopted, and finally confirmed by

this court in behalf of the several claims of these exceptants respectively as creditors aforesaid, as acceding to them respectively the preferences aforesaid."

The day after, the court ordered, "That (except as to the preferences allowed to claims Nos. 29, 77, 78 and 115, which preferences are hereby reserved for further consideration and order) the within account be and is hereby ratified and confirmed, and the trustees are directed to apply the fund accordingly, with a due proportion of interest received."

On the 25th of November 1855, J. Hopkins, Bro. & Co., and Hopkins, Bro. & Co., excepted to the auditor's account K, because of the preferences allowed therein to the four claims above mentioned. Similar exceptions to the same account, were filed by other creditors, on the 19th of October 1857.

After argument by counsel in relation to the auditor's report of the 28th of November 1854, the exceptions thereto, and the other proceedings, the court passed an order on the 7th of November 1857, in and by which "It is ordered, that the auditor's account J, filed as part of said report, be and the same is hereby ratified and confirmed, and the proceeds be distributed accordingly, and that all exceptions in the cause, and all other accounts of the auditor, inconsistent with this order, be and the same are hereby overruled."

From this order the present appeal has been taken by the parties, whose claims are Nos. 29, 77, 78 and 115.

In the exception filed by these parties, on the 14th of December 1854, they base their right, to insist upon the payment of their claims in full, upon the deed of trust. Their objections to the accounts reported by the auditor are, "So far as those accounts deny to your exceptants, as creditors of Samuel Jones, Jr., the preference granted to them for their respective claims (as described in the deed) under the deed of trust from said Jones to Winn and Ross." And they insist that account K, "as acceding to them, respectively, the preferences aforesaid," should be ratified by the court.

The claim thus based upon the deed is the first point or question considered by the judge below. He mentions the

36          v.15

fact that this deed had been declared void by the highest judicial tribunal of the State, upon the appeal from the order of the chancellor, continuing the injunction which he had granted; which order was affirmed by the Court of Appeals. He then refers to the proceedings subsequently occurring in the cause, and concludes that, as the Court of Appeals had declared the deed void, that should be regarded *as the law of this case*, and these claimants can set up no right under the deed. To this view of the subject we yield our assent.

The deed being void, upon the ground stated, it is not necessary to decide whether it should be considered void under the provisions of our insolvent laws. And the proceeds of the estate of Samuel Jones, Jr., are therefore to be distributed amongst his creditors as being in the hands of his trustees in insolvency, without any regard to the deed of trust declared to be void.

Admitting the deed to be void, the appellants' counsel insists that independently of the deed, they are entitled to the preference claimed by them; because their claims are for money lent without security, for short periods and without interest; which claims, under and by virtue of a general usage among merchants in Baltimore, should be reimbursed or provided for, in preference and priority to other debts, where the debtor may prove unable to pay his debts in full.

It may be true that such usage has been acquiesced in, to the extent of sanctioning preferences of this kind, when conventional arrangements or settlements have been made, between a merchant, in embarrassed circumstances, and his creditors generally. But we have not been convinced that there is a general usage, which, *per se*, creates such a lien or preference upon the estate of an insolvent debtor, as should be enforced by the court, against the consent of his other creditors; and in opposition to the principles of the insolvent system.

Not being satisfied that there is a general usage of this description, we cannot sustain the appellants' claims, upon the ground of usage.

The counsel for the appellants has contended that, if

their preferences can be impaired or reduced at all, they can only be impaired or reduced, so far as concerns and benefits the interests of those creditors, who have filed exceptions to account K, and to the extent, only, of the proportion which the total of the claims of such exceptants bears to the aggregate of all the claims embraced in the accounts. He insists that the exceptions, if sustained, cannot operate beneficially for those creditors who filed no exceptions. In support of this position, reference is made to the case of *McCormick vs. Gibson, et al.,* 3 *G. & J.,* 12. It was there held that the plea of limitations, by one of several defendants, would not enure to the benefit of other co-defendants, who had not put in such a plea. But the ruling in that case is not applicable to the question before us.

In relation to appeals from a court of equity, the 2nd section of the Act of 1825, ch. 117, provides, in reference to accounts stated and reported to such court, that "the appellant shall not be permitted to urge or insist upon any exception to any account so reported, unless it shall appear by the record that such exception was taken or made in the court from whose decree such appeal shall be made." And it is further provided that, "the Court of Appeals shall not reverse any decree on any exception which shall not appear to be taken or made as aforesaid, in the court from whose decree the appeal may be made."

The design of the Act was, that the record should present to the appellate tribunal, for revision, the same question on which the court below had decided.

It appears, from the present record, that account J was stated and reported by the auditor as the proper one to be reported by him, *according to his judgment.* In doing which he assumed that claims Nos. 29, 77, 78 and 115 were not entitled to the preferences insisted on by the claimants; who are the present appellants. The report of the auditor also shows, that, at the instance of the solicitor for those claimants, he stated account K, in which the preferences claimed were allowed.

The appellants excepted to account J, because in it their

preferences were not allowed. The court ratified and confirmed that account; and overruled "all exceptions in the cause, and all other accounts of the auditor," inconsistent with the order of ratification. From this the appeal has been taken.

The appellants' exception to account J, distinctly presented to the court below, the question, whether they were entitled to the preferences claimed by them ? By ratifying that account, in opposition to the exception, the court certainly decided the question adversely to the claimants.

These claimants having appealed from the decision of this question, the *onus* of showing that the court decided erroneously, is upon them; and, in the state of case before us, the Act of 1825 only authorises them to urge or insist upon their exception. Whether there was error or not in the order of ratification, does not depend on whether exceptions to account K were filed by all, by some only, or by none of Jones' creditors. Exceptions to that account could not more distinctly have presented the question, whether the appellants were entitled to the preferences insisted upon, than it was presented by account J, and the appellants' exception thereto.

If no exceptions had been filed by the appellees, or by any creditor of Jones, this court could not reverse the decision below, unless convinced that the court had erroneously decided the question presented by the appellants' exception to account J. And not having discovered any such error, the order appealed from will be affirmed.

It is unnecessary to decide whether, on this appeal, the chancellor's order of the 5th of March 1852, can now be revised, because, if it is open for revision, the same reasoning which has brought us to the conclusion that the order of the 7th of November 1857, ought to be affirmed, would prevent us from reversing the other.

*Order affirmed, with costs.*

(Decided February 24th, 1860.)

A motion was made by the appellants for a *rehearing*, and, as one of the grounds not brought to the consideration of the

court, and upon which they founded this motion, they respectfully submit that under the circumstances of this case, and those under which the court's revisory and overruling opinion was pronounced in *Kettlewell vs. Stewart*, as to deeds of trust for creditors, such as the deed in question in this cause, that opinion *superseded* the opinion on the deed here, that *but a few months before* had been rendered, and made the decision in *Kettlewell vs. Stewart*, the law of *this* case; and that the decree to account, passed the 17th of January 1849, which declared the deed of trust to be a valid rule for the account, was revived, or left to operate, by the opinion in *Kettlewell vs. Stewart* having *supervened*, and become the *law of Maryland long before* any accounting took place in which there was any application of the deed of trust to the rights of any of the creditors.

*The Court, per Bartol, J.*—The court has considered this application, with every disposition to gratify the appellants; but the rule "that the decision of the law of a case must govern the court in all further proceedings in the same cause," has been so firmly established by the decision of the former and present Court of Appeals, that we should not feel authorized to depart from the opinion and decree heretofore filed on this appeal.

*Motion overruled.*

(Decided March 16th, 1860.)