## DISTRICT OF COLUMBIA *v.* BREWER.

---

FORMER ADJUDICATION; LAW OF THE CASE.

Where this Court, on an appeal by the defendant in an action at law,
reversed a judgment on verdict for the plaintiff, and remanded the
case for a new trial, and, pending the new trial, the Supreme Court
of the United States, in a subsequent case carried there from this
court, declared the decision of this court in the first case to have
been erroneous, the former adjudication of the first case by this court
constitutes the law of the case, notwithstanding the decision of the
Supreme Court in the other case; and a judgment for the plaintiff

resulting from the trial court's following the decision of the Supreme Court will be reversed. (Citing *Warner* v. *Grayson,* 24 App. D. C. 57.)

No. 1874. Submitted December 1, 1908. Decided January 5, 1909.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for alleged personal injuries.     *Reversed.*

The COURT in the opinion stated the facts as follows:

This case in all its essential details was here fourteen years ago (*District of Columbia* v. *Brewer,* 7 App. D. C. 113), and it was then held that the plaintiff, Harrison G. Brewer, appellee here, had no right of action because of his contributory negligence. In 1903 the Supreme Court of the United States in deciding another case from this court (*Mosheuvel* v. *District of Columbia,* 191 U. S. 247, 48 L. ed. 170, 24 Sup. Ct. Rep. 57; S. C. 17 App. D. C. 401), to which the rule announced in this case had been applied, discussed the decision of this court in this case and found the reasoning and conclusion therein erroneous. Thereafter a new trial was had in this case, it having been permitted in the meanwhile to lie dormant in the court below, which resulted in a verdict and judgment for the plaintiff. The defendant appealed.

*Mr. E. H. Thomas,* Corporation Counsel, and *Mr. Henry P. Blair,* Assistant, for the appellant:

The rule of "law of the case," which makes the former decision of this court conclusive in this case, is found in numerous and substantially unanimous decisions. Not only the weight, but the great weight, of authority so declares it. The case of *Mosheuvel* v. *District of Columbia,* 191 U. S. 247, may overrule the *Brewer Case,* but the decision in the *Brewer Case* as reported in 7 App. D. C. 113, is still the law of this case, and as binding on this court as any judicial decision can be on the

facts as they were developed on the second trial. *Roberts* v. *Cooper,* 20 How. 467; *Illinois* v. *Illinois C. R. Co.* 184 U. S. 77; *Clark* v. *Keith,* 106 U. S. 464; *Ex parte Sibbald* v. *United States,* 12 Pet. 488; *Hill* v. *Chicago & E. R. Co.* 140 U. S. 52; *Supervisors* v. *Kennicott,* 94 U. S. 498.

The same rule prevails in the circuit courts and in the state courts generally. *Hazard* v. *C. B. & Q. R. Co.* 5 Biss. 453; *Lee* v. *State,* 13 Colo. 174; *Cumberland Coal & I. Co.* v. *Sherman,* 20 Md. 117; *Worthington* v. *Hiss,* 23 Atl. 198; *Saulsbury* v. *Iverson,* 73 Ga. 733; *Hombs* v. *Corbin,* 34 Mo. App. 393; *Haynes* v. *Meeks,* 20 Cal. 288; *Dougherty* v. *Horseheads,* 39 N. Y. Supp. 447; *Alexandria Savings Inst.* v. *McVeigh,* 84 Va. 41.

*Mr. Edwin Forrest,* for the appellee:

The authorities relied on by appellant are only cases which have been once tried in an appellate court, then reversed, and on a second appeal in each of them the same court, as appears from the adjudged cases cited, has held that is was barred by its first decision.

Under the circumstances of this case, the decision of the Supreme Court in the *Mosheuvel Case* was binding on the trial court. *Wakelee* v. *Davis,* 44 Fed. 532; *Cornwall* v. *Davis,* 44 Fed. 533; *Stevens* v. *Crane,* 44 Mo. App. 275; *Brinkerhoff* v. *Marvin,* 5 Johns. Ch. 320; *Guidet* v. *New York,* 5 Jones & S. 124.

Mr. Justice ROBB delivered the opinion of the Court:

The sole question presented is whether the former adjudication of this case by this court constituted the law of the case notwithstanding the above decision of the Supreme Court in the *Mosheuvel Case.*

It is not necessary to discuss the general rule that a prior decision is conclusive on the same question on a subsequent appeal, for no rule is more firmly established or rigidly adhered to;

*Warner* v. *Grayson,* 24 App. D. C. 57; *Roberts* v. *Cooper,* 20 How. 481, 15 L. ed. 973; *Re Sanford Fork & Tool Co.* 160 U. S. 247, 40 L. ed. 414, 16 Sup. Ct. Rep. 291; *Yazoo & M. Valley R. Co.* v. *Adams,* 180 U. S. 6, 45 L. ed. 401; *Illinois* v. *Illinois C. R. Co.* 184 U. S. 91, 46 L. ed. 446, 22 Sup. Ct. Rep. 300; *United States* v. *Camou,* 184 U. S. 574, 46 L. ed. 695, 22 Sup. Ct. Rep. 505.

A departure from the general rule is sought in this case, because, it is contended, the decision in the *Mosheuvel Case* is in effect a reversal of our decision in this case, and, therefore, controlling here. If plaintiff's postulate is correct, his conclusion logically follows. We think, however, his postulate involves a misapprehension of the Mosheuvel decision. That decision was not rendered in this case, and the court considered our former opinion herein solely for the purpose of the case before it. The court repudiated the *doctrine* announced by us in this case, but left the decision exactly where it was, and while the rule announced by the Supreme Court in that case will control and govern future cases in this court, it affects this case no more than it does any other case previously disposed of by us.

Questions, both of law and of fact, when finally determined by a judgment of a court of competent jurisdiction, are, while that judgment remains in force, *res judicata* as between the parties. The jurisdiction of the Supreme Court of the United States, if invoked at all, must be invoked in the manner prescribed by law, and until it is invoked a decision once reached by us, after the time has expired within which a rehearing may be allowed, is beyond our control. The great weight of authority is in harmony with this view. 34 L.R.A. 321–330; 26 Am. & Eng. Enc. Law. 2d ed. p. 184.

In *Ogle* v. *Turpin,* 8 Ill. App. 453, the precise question here involved was determined. There, between the first and second appeals in the appellate division, the supreme court of the state rendered a decision in another case inconsistent with the prior decision of the appellate division. The court was asked to readjudicate the question passed upon its former decision, but

declined to do so, saying: "On the former appeal this cause was remanded for further proceedings not inconsistent with the opinion filed, and the principles laid down in the opinion were such as to leave no discretion in the court below to render any other decree than the one which has been rendered, so long as the record remained essentially unchanged."

In *Tipton County* v. *Indianapolis, P. & C. R. Co.* 89 Ind. 101, it was held that where, since the prior decision, the court had held in other cases a contrary doctrine, the prior decision was nevertheless the law of the case as between the parties to that action.

To the same effect are *Brown* v. *Marion Nat. Bank,* 18 Ky. L. Rep. 186, 35 S. W. 926; *Thomson* v. *Albert,* 15 Md. 268; *Lombard* v. *Gregory,* 88 Iowa, 431, 55 N. W. 471, See also: *Saulsbury* v. *Iverson,* 73 Ga. 735; *Fortenberry* v. *Frazier,* 5 Ark. 202, 39 Am. Dec. 373; *Burlington, C. R. & N. R. Co.* v. *Dey,* 89 Iowa, 13, 56 N. W. 267; *Herrick* v. *Belknap,* 27 Vt. 699; *Cleveland, C. C. & St. L. R. Co.* v. *Alfred,* 123 Ill. App. 477.

We hold, therefore, that, notwithstanding the decision in the *Mosheuvel Case,* our prior decision constituted the law of this case, and that the court below was not at liberty to depart from it.

The judgment must be reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion. *Reversed.*