### WALKER v. GISH.

(Court of Appeals of District of Columbia. Submitted April 4, 1921. Decided May 2, 1921.)

No. 3482.

1. **Appeal and error** ⬤�top1099(8), 1195(3)—**Ruling on former appeal is law of the case for both trial and appellate court.**

In a suit to recover compensation for the use of a party wall, the decision on a former appeal that it was for the jury to determine whether defendant had used the party wall, and, if so, what the reasonable value of the part used was, is the law of the case, not only for the trial court, but for the Court of Appeals.

2. **Party walls** ⬤�top9(1)—**Purchaser of lot succeeds to builder's right to compensation from adjoining owner subsequently using wall.**

The purchaser of a lot with a party wall on it, in which the adjoining owner has not exercised his right, succeeds to the rights of the builder, and is entitled to compensation when such wall is used by the adjoining owner.

Appeal from Supreme Court of the District of Columbia.

Action by Genevieve K. Gish against Ernest G. Walker. Judgment for plaintiff, and defendant appeals. Affirmed.

S. Herbert Giesy, of Washington, D. C., for appellant.
Henry F. Woodard, of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a judgment for the plaintiff, appellee here, in the Supreme Court of the District, in a suit to recover compensation for the use of a party wall.

[1] The bill of exceptions recites:

"The court charged the jury in accordance with the opinion of the Court of Appeals in the case of Genevieve K. Gish v. Ernest G. Walker, 48 App. D. C. 42, namely, that the jury should determine whether there had been a use of the party wall by the defendant, and, if they determined that issue in the affirmative, that they should then ascertain the reasonable value of such part of the party wall as was used; that, if they found that the party wall was not used, their verdict should be for the defendant."

The former decision has become the settled law of the case, "not only for the trial court, but for this court also." Warner v. Grayson, 24 App. D. C. 55, 57; Thompson v. Maxwell Land-Grant Co., 168 U. S. 451, 18 Sup. Ct. 121, 42 L. Ed. 539.

[2] It is contended, however, that in the prior appeal it did not appear that the builder of this party wall was a predecessor in title to plaintiff below, and hence that the plaintiff was without right to bring suit. In Eberly v. Behrend, 20 D. C. 215, and Halpine v. Barr, 21 D. C. 331, it was ruled that the purchaser of a lot with a party wall on it, in which the adjoining owner has not exercised his right, succeeds to the rights of the builder, and is entitled to compensation when such wall is used by the adjoining owner. There is nothing inconsistent with the rule thus announced in Fowler v. Koehler, 43 App. D. C. 349, wherein we held that the building owner might reserve to himself, when he conveyed his lot, the right to compensation for the use of the party wall.

We are not disposed to disturb the rule that has been in force in this District for almost 30 years, and, there being no reservation in appellant's deed, it follows that the judgment must be affirmed, with costs.

Affirmed.