## JEMISON v. METROPOLITAN LIFE INS. CO.

### No. 147.

Municipal Court of Appeals for the District of Columbia.

Dec. 29, 1943.

Burton A. McGann, of Washington, D. C., for appellant.

John E. Powell, of Washington, D. C. (Benjamin S. Minor and Arthur P. Drury, both of Washington, D. C., on the brief), for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Appellant, beneficiary of a life insurance policy issued by appellee on the life of her son, brought suit, claiming the presumed death of the insured from an absence of more than seven years. The case was tried by the court without a jury and from an adverse judgment she has appealed.

In a prior suit between the same parties, seeking a recovery on the same policy, judgment was rendered adverse to appellant and affirmed by us on appeal.[1] The issue in both cases was whether the evidence made a case under Section 14–501, Code 1940, the pertinent part of which fol-

lows: "If any person shall leave his domicile without any known intention of changing the same, and shall not return or be heard from for seven years from the time of his so leaving, he shall be presumed to be dead."

In affirming the prior judgment, we held that "in the absence of facts to the contrary, the place where a man lives is properly taken to be his domicile. At the time in question the record is clear that insured was and had been living in Baltimore."

The evidence in that case was directed solely to the fact that the insured's mother and sister living in Washington had not heard from him for more than seven years. No effort had been made to communicate with persons living in Baltimore at the place or places where he was known to have resided. We ruled that inquiry should have been made concerning the insured in Baltimore "of the persons and at the places where news of him, if living, would most probably be had." But in order not to preclude appellant from renewing her claim based upon further investigation, we said:

"Since further investigation and search may produce evidence sufficient to raise the presumption of death or even evidence of actual death of insured, the judgment below should be modified to the extent that it shall not operate as a bar to a future action based on such additional evidence.

"As so modified the judgment is affirmed."

On July 6, 1943, a week after our affirmance of the prior judgment, appellant instituted this second suit. Again she alleged that the insured's domicile was Washington. At the trial it developed that no inquiry had been made in Baltimore; that no further effort was made to locate insured. The evidence was principally directed to a re-trial of the question of domicile. The trial judge in a carefully prepared opinion found that nothing of substance had been added by the reexamination of appellant's witnesses, and after examining the record we concur in his conclusion.

We further hold that insured's domicile was determined in the prior suit, and was not open to review. Once an issue of fact or law is judicially decided it may not thereafter be controverted by the parties.[2] "The question always is, Has

---

[1] Jemison v. Metropolitan Life Insurance Company, D.C.Mun.App., 32 A.2d 704.

[2] Walker v. Gish, 51 App.D.C. 4, 273 F. 366; District of Columbia v. Brewer, 32 App.D.C. 388.

such question been so determined between the same parties or their privies? and not upon what evidence was it determined, or the reason therefor."[3]

Affirmed.

[3] Fitch v. Stanton Township, 8 Cir., 190 F. 310, 314; Last Chance Mining Co. v. Tyler Mining Co., 157 U.S. 683, 15 S.Ct. 733, 39 L.Ed. 859.