## Case No. 9,568.

### MILLER v. ELLIOT.

[5 Cranch. C. C. 543.] [1]

Circuit Court, District of Columbia. March Term, 1839.

PARTY WALL—HOW BUILT—DUTY OF SURVEYOR— REIMBURSEMENT—ACTION TO RECOVER.

1. It is a condition annexed to the title of every house-lot in the city of Washington, that when the proprietor builds a partition-wall between himself and his neighbor, he shall lay the foundation equally upon the lands of both; and that any person who shall afterwards use the partition-wall, or any part of it, shall reimburse to the first builder a moiety of the charge of such part as he shall use.

2. It is the duty of the city surveyor to attend, when requested, and examine the foundations or walls of any house to be erected, when the same shall be level with the street or the surface of the ground, for the purpose of adjusting the line of the front of such building to the line of the street, and correctly placing the party-wall on the line of division between that and the adjoining lot; and his certificate is evidence, and binding on the parties interested; but it is not necessary to the plaintiff's right of action for half the value of the wall, that it should have been so adjusted by the surveyor; or that the walls should be of the thickness required by the third article of the commissioners' regulations of the 20th of July, 1795.

3. The value of half the wall may be recovered in an action upon the case in assumpsit.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Assumpsit for money paid, laid out, and expended, for the defendant's use and at his request; to recover one half of the costs of so much of the partition-wall erected by the plaintiff [Samuel Miller] as was used by the defendant [Jonathan Elliot] in building his house on the adjoining lot. Verdict for the plaintiff, subject to the opinion of the court, whether the plaintiff had a right to place half of his partition-wall on the lot of the defendant, and whether the defendant is liable to the plaintiff for half the cost of so much of the wall as the defendant used in building his house adjoining it.

The case was submitted to the court upon notes of argument by the counsel.

Mr. Addison, for plaintiff.
Mr. Morfit, for defendant.

CRANCH, Chief Judge. The original proprietors of the lands now composing the city of Washington, by deeds dated about the 29th of June, 1791, conveyed their lands to Thomas Beall and John M. Gantt, in trust, among other things, to be laid out for a federal city, with such streets, squares, parcels, and lots, as the president of the United States should approve; and that they should convey to the commissioners of the city, for the use of the United States, forever, all the streets, &c., and that the residue of the lots should be equally divided between the United States and the original proprietors; and that the trustees should convey to the original proprietors the lots assigned to them in the division; and that the residue should be sold and conveyed to the respective purchasers. But such conveyances, as well to the original proprietors, as to the respective purchasers, were to be "on, and subject to, such terms and conditions as shall be thought reasonable by the president for the time being, for regulating the materials and manner of the buildings and improvements on the lots generally, in the said city, or in particular streets, or parts thereof, for common convenience, safety, and order; provided such terms and conditions be declared before the sales of any of the said lots, under the direction of the president." Under this provision of the trust-deeds, the president of the United States, on the 17th of October, 1791, before the sale of any of the public lots, declared certain "terms and conditions for regulating the materials and the manner of buildings and improvements on the lots in the city of Washington." The fourth of these terms is, "That the person or persons appointed by the commissioners to superintend the buildings, may enter on the land of any person to set out the foundation and regulate the walls to be built between party and party, as to the breadth and thickness thereof; which foundations shall be laid equally upon the lands of the persons between whom such party-walls are to be built; and shall be of the breadth and thickness determined by such person proper;

and the first builder shall be reimbursed one moiety of the charge of such party-wall, or so much thereof as the next builder shall have occasion to make use of, before such next builder shall any ways use, or break into the wall; the charge, or value thereof, to be set by the person or persons so appointed by the commissioners." It is, therefore, a condition annexed to the title of every house-lot in the city of Washington, that when the proprietor builds a partition-wall between himself and his neighbor, he shall lay the foundation equally upon the lands of both; and that any person who shall afterward use the partition-wall, or any part of it, shall reimburse to the first builder a moiety of the charge of such part as he shall use.

By the charter of 1820, § 7, the power is given to the corporation of Washington, "to regulate, with the approbation of the president of the United States, the manner of erecting, and the materials to be used in the erection of houses;" and by section 8, "to regulate party, and other walls and fences." By the by-law of March 30, 1822, (Rothwell's City Laws, 142,) the corporation reënacted the building regulations of the 17th of October, 1791, and those of the commissioners of July 7, 1794, originally made under the authority of the Maryland act of 1791 (chapter 45), except so far as modified by the proclamation of President Monroe, of January 14, 1818, which modification does not affect the present case. The surveyor of the city of Washington, was an officer appointed by the commissioners during their existence, and afterwards by the superintendent during his existence, and afterward by the commissioner of the public buildings, and finally by the corporation of Washington, under the by-law of August 13, 1828. The office of surveyor of the city is recognized, and his fees are regulated by several acts of congress, namely, March 3, 1803 (Burch, 245; 2 Stat. 235); March 27, 1804 (Burch, 246; 2 Stat. 297); and January 12, 1809 (Davis' Laws, 189; 2 Stat. 511; Burch, 267–269). By the fifth section of the act of January 12, 1809, it is enacted, "That it shall be the duty of the surveyor to attend, when requested, and examine the foundation or walls of any house to be erected, when the same shall be level with the street, or surface of the ground, for the purpose of adjusting the line of the front of such building to the line of the street, and correctly placing the party-wall on the line of division between that and the adjoining lot; and his certificate of the fact shall be admitted as evidence, and binding on the parties interested." The same thing is enacted totidem verbis in the by-law of August 13, 1828, authorizing the appointment of a surveyor, &c. This surveyor is the officer who is to perform the duties required by the second and fourth articles of the regulations of the 17th of October, 1791; but by the act of January 12, 1809, as well as by the by-law, he is only to perform them when required, and when the wall

shall be level with the street, or the surface of the ground. This act modifies the second article of the regulations in that respect, and dispenses with the necessity of applying to the surveyor. It is no valid objection, therefore, to the plaintiff's right of recovery, that he did not apply to the surveyor to adjust the party-wall, if such was the case. But that fact does not appear. It might, for aught that appears, have been, that the surveyor did so adjust it, as well as the front walls; or that the party-wall may have been laid with the consent of the defendant.

It is also objected by the defendant that the walls were not of the thickness required by the third article of the commissioners of July 20, 1795, made under Act Md. 1791, c. 45, entitled "An act concerning the territory of Columbia." But a compliance with that regulation, is not a condition preliminary to the plaintiff's right of action for half of the cost of the party-wall. The plaintiff may possibly have subjected himself to the penalty of $20, but that penalty does not enure to the benefit of the defendant, and is not a bar to the plaintiff's right of action. It is also moved, in arrest of judgment, that the action should have been debt, and not case. But there is nothing in the record to show that case or assumpsit was not the proper form of action. Let the judgment be entered up according to the verdict.

NOTE. See Act Jan. 12, 1809, § 4, which applies to two cases only. (1) Where a house is built on a subdivision of a lot or square before the surveyor shall have measured the whole front, &c. (2) Where the house was built before the date of the act (12th January, 1809). That section therefore does not touch this case of Miller v. Elliot.