## SMOOT v. HEYL.

### APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 85. Argued December 13, 16, 1912.—Decided February 24, 1913.

Under § 233 of the Code of the District of Columbia this court has jurisdiction of an appeal from a judgment of the Court of Appeals of the District of Columbia where the validity of a regulation promulgated by the Commissioners under an act of Congress is drawn in question, irrespective of the conclusion reached by the court below. The fundamental idea of a party wall is that of mutual benefit.

In the absence of plain error this court will accept the decision of the Court of Appeals of the District of Columbia determining whether a particular structure comes within the definition of a party wall under the building regulations promulgated by the Commissioners.

In this case this court affirms the judgment of the Court of Appeals that the wall of a bay-window which can serve no mutual purpose is not a party wall within the meaning of the building regulations in force in the District of Columbia.

34 App. D. C. 480, affirmed.

THE facts, which involve the jurisdiction of this court to review judgments of the Court of Appeals of the District of Columbia under § 250 of the Judicial Code of 1911 and also the construction of the act of 1878 authorizing the Commissioners of the District of Columbia to make building regulations and the determination of what is a party wall under such regulations, are stated in the opinion.

*Mr. William G. Johnson* for appellant:

The building regulations extend to all lands within the District of Columbia. Act of June 14, 1878, 20 Stat., p. 131.

The regulation is constitutional and valid.

For cases sustaining the constitutionality of party wall and line fence statutes and regulations in various States of the Union, see *Moore* v. *Levert*, 24 Alabama, 310; *Mead* v. *Watson*, 57 California, 591; *Maudlin* v. *Hanscombe*, 12 Colorado, 204; *Wright* v. *Wright*, 21 Connecticut, 329; *Hall* v. *Andrews*, 75 Illinois, 252; *Tomlinson* v. *Bainaka*, 163 Indiana, 112; *Hewett* v. *Jewell*, 59 Iowa, 37; *Snyder* v. *Bell*, 32 Kansas, 230; *Grief* v. *Kahn*, 87 Kentucky, 17; *James* v. *Tibbetts*, 60 Maine, 557; *Kennedy* v. *Owen*, 131 Massachusetts, 587; *Carpenter* v. *Vail*, 36 Michigan, 226; *McClay* v. *Clark*, 42 Minnesota, 363; *Moore* v. *White*, 45 Missouri, 206; *Hoar* v. *Hennesy*, 29 Montana, 253; *Burr* v. *Hamer*, 12 Nebraska, 483; *Perkins* v. *Boody*, 62 N. H. 454; *Castner* v. *Riegel*, 54 N. J. L. 498; *Adams* v. *Van Alstyne*, 25 N. Y. 232; *Kingman* v. *Williams*, 50 Oh. St. 722; *Palmer* v. *Silverton*, 32 Pa. St. 65; *Howland* v. *Howland*, 14 R. I. 560; *Lightfoot* v. *Grove*, 5 Heisk. 473; *Cummings* v. *Brook*, 56 Vermont, 308; *Brooks* v. *Allen*, 1 Wisconsin, 114; *Hendricks* v. *Stark*, 37 N. Y. 106; *Swift* v. *Calnan*, 102 Iowa, 206; *Hunt* v. *Ambruster*, 17 N. J. Eq. 208; *Heron* v. *Houston*, 217 Pa. St. 1; *Larche* v. *Jackson*, 9 Martin, 724; *Carrigan* v. *De Neufbourg*, 3 La. Ann. 440. See also *Head* v. *Amoskeag Mfg. Co.*, 113 U. S. 9; *Wurtz* v. *Hoagland*, 114 U. S. 606; *C., B. & Q. Ry.* v. *Drainage Commissioners*, 200 U. S. 561.

The wall in question complies with the requirements of the regulation as to party walls.

Even if the wall in question does present minor and remediable departures from the requirements of the regulations, the decree should not be modified. Sections 226, 233, Code, D. C.; *Corcoran* v. *Nailor*, 6 Mackey, 580.

*Mr. H. Prescott Gatley*, with whom *Mr. Samuel Maddox* and *Mr. Barry Mohun* were on the brief, for appellees:

The back of the bay-window built by appellant, partly on appellees' land, which forms no part of the main wall

of appellant's house and which can never be of any possible benefit or advantage to appellees, is in no sense a party wall. *Sharp* v. *Cheatham*, 5 W. Va. 673; *Corcoran* v. *Nailor*, 6 Mackey, 580.

There is no provision of law to authorize the building of party walls outside of the limits of Washington City as a right appurtenant to the ownership of land. *Fowler* v. *Saks*, 18 App. D. C. 570.

In some of the States provision for party walls is made by statute and such statutes are held not to be obnoxious to the contention that they deprive the owner of the servient land of his property without due process of law. *Swift* v. *Calnan*, 102 Iowa, 206; *Evans* v. *Jayne*, 23 Pa. St. 34; *Brooks* v. *Curtis*, 50 N. Y. 639.

But the decisions are not uniform and the right has been vigorously assailed on constitutional grounds.

The police power of the legislature does not justify it in authorizing one man to appropriate and use the property of another without his consent and without adequate compensation. *Wilkins* v. *Jewett*, 139 Massachusetts, 29.

See also *Traute* v. *White*, 46 N. J. Eq. 437.

In the absence of legislative authority municipalities are without power to require or authorize the erection of party walls. *Schmidt* v. *Lewis*, 63 N. J. Eq. 566. See also *Pennsylvania* v. *Wheeling &c. Bridge Co.*, 13 How. 518. *Swift* v. *Calnan*, 102 Iowa, 211; *Hunt* v. *Ambruster*, 17 N. J. Eq. 211; *Carrigan* v. *De Neufbourg*, 3 La. Ann. 441; *Heron* v. *Houston*, 217 Pa. St. 1; *Rodearmel* v. *Hutchinson*, 2 Pearson, 324, distinguished.

MR. JUSTICE HUGHES delivered the opinion of the court.

The appellant is the owner of a lot of land on the north side of Wyoming Avenue, between Twentieth and Twenty-first Streets, northwest, in the District of Columbia. The appellees own the adjoining lot on the west. The appel-

lant constructed on his lot a brick dwelling, the front of which was placed forty feet from the avenue. He located the main west wall of the dwelling about three feet inside of the line of his lot. This wall was about forty feet long and three stories high. About five feet back of the front end of this wall the appellant projected a semi-hexagonal bay-window, the west wall of which—about eight feet long and extending through the height of the first story— was placed upon the line of the lot so that approximately one-half the thickness of the wall was put upon the appellees' land. The appellant called this west wall of the bay-window a party wall and claimed the right to construct it in part upon his neighbor's land by virtue of the building regulations of the District of Columbia. The appellees protested against this use of their property and brought this suit in the Supreme Court of the District of Columbia to enjoin the maintenance of the wall on their land. The court entered a decree in their favor requiring its removal. The decree was affirmed by the Court of Appeals and this appeal is brought. 34 App. D. C. 480.

The act of June 14, 1878, c. 194, 20 Stat. 131, authorized the Commissioners of the District of Columbia to make "such building regulations for the said District as they may deem advisable" and provided that these should have the same force within the District as if enacted by Congress. Among the regulations promulgated by the Commissioners was the one approved by President Washington on October 17, 1791, relating to the location of party walls, which was recognized as in force and was "published for the information of builders." (Building Regulations, § 62, set forth in the margin.[1]) The land in question

---

[1] SEC. 62. The fourth section of the Building Regulations, No. 1, approved by President Washington, October 17, 1791, quoted below, is recognized as in force, and is published for the information of builders. The Inspector of Buildings has no official duty as to the enforcement of this regulation, as the matter is one of private rights between parties:

lies outside the original limits of the city of Washington, but the appellant contends that, by the above-mentioned act of Congress and the action of the Commissioners, this regulation was made applicable throughout the District. The appellees in their bill alleged that the wall built across their line was not a party wall, that the regulation permitting the use of adjoining land for party walls did not extend beyond the bounds of the Federal City as originally laid out, and that if it was intended to apply in the District beyond these limits it was "unconstitutional and void because its effect is to deprive your complainants of their property without due process of law and just compensation."

1. This court has jurisdiction. District Code, § 233, Act of March 3, 1901, c. 854, 31 Stat. 1189, 1227; *Steinmetz* v. *Allen*, 192 U. S. 543, 556; *McLean* v. *Denver & Rio Grande R. R. Co.*, 203 U. S. 38, 47, 48. As the appellees challenged the validity of the regulation if it applied to their property as was insisted by the appellant, the case was one in which there was drawn in question the validity of an authority exercised under the United States. The question was a substantial one, and was directly presented, its determination being required unless the appellees succeeded upon one of the other issues. To justify a review of the decision under the act governing this appeal

"That the person or persons appointed by the Commissioners to superintend buildings may enter upon the land of any person to set out the foundation and regulate the walls to be built between party and party, as to the breadth and thickness thereof, which foundation shall be laid equally upon the lands of the persons between whom such party walls are to be built, and shall be of the breadth and thickness determined by such person proper, and the first builder shall be reimbursed one moiety of the charge of such party wall or so much thereof as the next builder shall have occasion to make use of before such next builder shall anyways use or break into the wall, the charge of value thereof to be set by the person or persons so appointed by the Commissioners."

it is sufficient if the validity of the authority is drawn in question irrespective of the conclusion reached by the court below. *Baltimore & Potomac R. R. Co.* v. *Hopkins*, 130 U. S. 210, 222. The appeal brings the entire case here. See *Horner* v. *United States*, No. 2, 143 U. S. 570, 577; *Penn Mutual Life Ins. Co.* v. *Austin*, 168 U. S. 685, 695. In this view, it is unnecessary to pass upon the conflicting contentions with respect to the amount involved.

2. Upon the merits, we need not go beyond the point on which the Court of Appeals rested its decision. The court held that the wall placed on the appellees' land was not a party wall. In the building regulations a party wall is defined as "a wall built upon the dividing line between adjoining premises for their common use." The fundamental idea is that of mutual benefit. It is manifest that not every sort of construction projecting over the boundary, although it may form part of the exterior wall of a building, can be called a party wall. Instead of being for the common use, it may be merely an injurious protuberance. And whether or not a particular structure comes within the District rules is a question the decision of which by the Court of Appeals should be accepted unless there is plain error. Here we have the wall of a bay-window eight feet long projecting from the main wall of the house. Save for this short projection the main wall is set back three feet within the building line. The ends of the bay-window wall are splayed as is usual in such cases and, while it appeared that they could be chiseled out in order to make right angles, the testimony was that if the adjoining owners desired to build in connection with the wall it would cost as much as to erect a new wall of the same dimensions. Taking the entire construction into consideration, it would seem to be merely the case of an encroachment on the adjoining property rather than that of a wall built on the dividing line for mutual advantage. After reviewing the facts the Court of Appeals

summed up the matter by saying (pp. 482, 483): "It could serve no such purpose to appellees as is contemplated by the regulations of the District authorizing the construction of party walls. . . . Appellees can derive no such benefit from it as the servient owner is entitled to receive as compensation for the taking and occupation of his land. It constitutes a nuisance rather than a benefit."

We find no reason for disturbing the decree.

*Affirmed.*