# ROBINSON v. HILLMAN.

### EVIDENCE; PARTY WALLS.

1. In an action to recover possession of land occupied by a party wall constructed by the defendant without compliance with municipal building regulations, it is proper to exclude evidence offered by the defendant that the plaintiff could have obtained a permit to erect a party wall.

2. The error, if any, in excluding testimony of an architect that a wall was built in accordance with all requirements of a party wall as to strength, is cured by permitting him to testify that the wall was structurally fit for a party wall.

3. Technical noncompliance with building regulations, by leaving openings in a wall constructed as for a party wall, will not, at least where it was so built with the adjoining owner's knowledge, deprive it of the character of a party wall, where the openings can be easily closed and the wall is structurally fit for a party wall.   (Following *Robinson* v. *Hillman*, 36 App. D. C. 576, and distinguishing *Smoot* v. *Heyl*, 34 App. D. C. 480.)

No. 2556.   Submitted November 4, 1913.   Decided December 1, 1913.

HEARING on an appeal by the defendants from a judgment of the Supreme Court of the District of Columbia on a verdict directed by the court in an action of ejectment. *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment in an action of ejectment. Myra T. Hillman and Elizabeth Clement brought this action against Dora F. Robinson and C. Barnwell Robinson, appellants, to recover the possession of a part of lot 227 in the city of Washington; the same being a strip 4.81 feet wide and 16.67 feet long. Plaintiffs have title to lot 227 and defendants to lot 36, which adjoins 227 for a distance of 16.67 feet. Defendants had erected a building on lot 36, having a wall 60 feet high. It is 18 inches thick at the base, and extends 9 inches beyond the dividing line between the two lots. On a former trial, judgment had been rendered for the plaintiffs upon an instructed verdict. This was reversed. *Robinson* v. *Hillman,* 36 App. D. C. 576. On both trials, defendants claimed that the wall was a party wall within the meaning of the building regulations, and hence lawfully erected upon a part of plaintiffs' lot. In reversing the case for error in directing a verdict, it was said: "The wall may be upheld as a party wall if it be reasonably and properly susceptible of such use. The wall seems to have been constructed in accordance with the regulations looking to stability, safety, etc., and there is no evidence to show that it cannot be availed of as a party wall should plaintiffs hereafter desire to make use of it as such." (36 App. D. C. 582.)

Upon the return of the cause to the trial court, defendants, claiming only the right to occupy the ground covered by the wall disclaimed interest in or possession of the remainder of the strip.

On the second trial plaintiffs proved title in fee to lot 227 and the erection of the building wall upon the 9 inches of the same. Defendants read the building regulations, which show that a permit shall be obtained from the building inspector for the erection of a party wall. They provide that where the wall

is over 45 feet high it must be at least 18 inches wide at the base, and may occupy 9 inches of the adjoining lot. The official permit to erect the building and wall was produced in evidence. Evidence was introduced tending to show that the wall was 60 feet high and 18 inches wide at the base; that it was constructed in compliance with the permit, and in strict compliance with the regulations, save that it had openings in it to which the written consent of the plaintiffs had not been obtained; that the wall was capable of use as a party wall by the owners of lot 227; that windows would not affect its fitness. On cross-examination the inspector of buildings testified that there was no written consent to the window openings, and that he did not then know there were windows. That his evidence as to use as a party wall was not based on the theory that there were no windows in it; windows would not prevent party use, except that it would be necessary to fill them up. The architect testified that the wall "structurally, is a party wall;" and, in reply to a question propounded by the court, said that if one wanted to build on lot 227 the wall would be "structurally fit for the end wall of that building."

He further said there were five window openings 6 by 8 feet in dimensions. Relief arches extend entirely through the wall above each opening so that they will sustain floor joists at any time, and with a view to "bricking them up."

Each party moved for the direction of a verdict. Plaintiffs' motion was granted, and judgment allowed for their recovery of the strip of the lot, 9 inches wide.

*Mr. George A. Prevost, Mr. John Ridout,* and *Mr. Lorenzo A. Bailey,* for the appellants:

The wall in question "may be upheld as a party wall if it be reasonably and properly susceptible of such use," not merely at this time but at any future time, and "there is no evidence to show that it cannot be availed of as a party wall, should plaintiffs hereafter desire to make use of it as such." *Robinson* v. *Hillman,* 36 App. D. C. 576.

*Mr. Eugene A. Jones,* for the appellees:

A party wall may be created only by contract or by statute. 22 Am. & Eng. Enc. Law, 2d ed. p. 240, note 1. Such statutes giving the right to one to invade the property of another are only upheld as an exercise of the police power and are hence strictly construed. *Lederer* v. *Colonial Invest. Co.* 130 Iowa, 157; *Heron* v. *Houston,* 217 Pa. 1.

"The servient owner is compelled to submit to the burden only on the ground that the thing imposed is in contemplation of law a benefit equally to him and to the dominant owner; in other words, that it at once stands ready for his enjoyment for all the purposes for which a party wall is intended to serve." *Smoot* v. *Heyl,* 38 Wash. L. Rep. 218; *Corcoran* v. *Naylor,* 6 Mackey, 580.

The fundamental idea of a party wall is that of mutual benefit. *Smoot* v. *Heyl,* 227 U. S. 336.

An owner cannot claim the benefit of a building regulation and repudiate the condition on which it is given. *Fowler* v. *Saks,* 18 D. C. 570.

Even if there were no express prohibition in our building regulations, the presence of windows would deprive it of party-wall status. *Kiefer* v. *Dickson,* 84 N. E. 523; *Hammann* v. *Jordan,* 13 N. Y. Supp. 228; *Leavison* v. *Harris,* 14 S. W. 343; *Harber* v. *Evans,* 101 Mo. 665; *Corcoran* v. *Naylor,* 6 Mackey, 580.

There is no presumption that a wall built on the dividing line is a party wall. *Pile* v. *Pedrick,* 167 Pa. 296; *Hammann* v. *Jordan,* 9 N. Y. Supp. 423.

*Mr. C. F. Carusi* also for the appellees.

Mr. Chief Justice Shepard delivered the opinion of the Court:

1. In view of another trial it is necessary to briefly consider some exceptions that were reserved by the defendants to the

exclusion of evidence. There was no error in excluding evidence to the effect that the plaintiffs could have procured an official permit to erect a party wall on the boundary line of the lots. Their right depended upon the regulations, and is not conferred by the inspector, who is a ministerial officer. The exclusion of the question propounded to the architect, inquiring if the wall had been built in **accordance** with all the requirements of a party wall as to strength, was on an objection that it was a matter of law, not fact. The form of the question rendered it somewhat uncertain. It rather seems to us that the limiting words, "as to strength," made it certain enough. But if any error was committed it was removed when the witness was permitted to testify that the wall was structurally fit for a party wall. This was emphasized by the question propounded by the court as heretofore recited.

2. In the record on the former appeal the evidence of the character and construction of the wall was not so precise as it has since been made to appear; but was considered sufficient to require the submission of the fact whether it could be availed of as a party wall. Having in mind the decision in *Smoot* v. *Heyl,* 34 App. D. C. 480, which was referred to, and the character of the construction in that case, which had been held not to be a party wall within the meaning of the building regulations, the opinion on the former appeal called attention to the principle announced in *Smoot* v. *Heyl,* that every adjoining wall is not a party wall within the meaning of the regulations, but must be one, in fact, "reasonably and properly susceptible of such use." The case was remanded that the issue might be determined in another trial.

By reason of the provisions of § 103 of the regulations, the openings in the wall prevented it from becoming a technical party wall, albeit the inspector had issued the permit for its construction. If the plans of the building submitted to the inspector disclosed, as they should, the contemplated openings, he neglected his duty in issuing the permit. On the other hand, the uncontradicted evidence offered by defendants tended to show that relief arches extended through the entire wall, ena-

bling it to support floor joists on each side, as well as the closing of the openings. In all other respects the wall conformed to the requirements of the regulations, and was fit for use as a party wall. With the closing of the openings, the wall would answer all the conditions of a complete party wall. Plaintiffs lived upon lot 227 during the whole period of construction, and could not have failed to observe the window openings. Instead of seeking to enjoin the construction in that manner, they waited and then brought their action of ejectment. It is contended, on their behalf, that as the regulations impose a servitude upon land without the owner's consent, they must be construed with the utmost strictness. Granting that the construction should be strict, yet it should not be unreasonably strict. The regulations were considered reasonable and in accordance with sound public policy when the city was planned, and as such had the approval of President Washington. Though amended in many particulars to keep pace with progress in the arts of construction, they have, in substance, continued to this day. It is implied in our former opinion, and we now affirm it as a sound proposition, that if a proposed party wall be constructed with openings, particularly with the knowledge of the adjacent owner, but is yet structurally fit to be utilized for the ordinary purposes of a party wall, it does not cease to be a party wall because of the lack of technical compliance with the regulations in a particular like this, easily to be remedied by the builder.

Plaintiffs might have enjoined the construction of the wall with the openings, had they sought to do so seasonably. Whether they may now be able to compel the closing of the openings, without intending to make use of the wall as a party wall, is a question not before us, and we intimate no opinion in respect of it. But should the plaintiffs, or those claiming under them, propose at any time to utilize the wall as a party wall, they would, upon the failure of defendants or their assigns to close the openings properly and effectively, have the right, at least, to do the work themselves, and set off the cost against their party-wall liability. The whole controversy could be completely settled in a court of equity. For the error in directing a ver-

dict for the plaintiffs upon the evidence, the judgment is reversed, with costs, and the cause remanded for a new trial.

*Reversed.*