# WALKER v. GISH.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 135. Argued November 28, 29, 1922.—Decided January 2, 1923.

1. The rule allowing a lot-owner to erect a party wall on the lot line, and obliging his neighbor, if he use it, to pay part of the cost, is a condition attached to the lots within the original Federal City under the powers granted by the original proprietors of the land;

- and, as extended to other parts of the District under an act authorizing the District Commissioners to establish building regulations, it has the force of a custom binding wherever a party wall is erected by one lot-owner without objection by the adjoining owner. P. 449.

2. And, in the absence of evidence to the contrary, it must be presumed that the erection of such a wall was done without such objection. P. 451.

3. A lot-owner who used a party wall waived his right to object, in defense of an action for the value of the use, that the building regulations, with which he complied, deprived him of his property without due process of law. P. 452.

51 App. D. C. 4; 273 Fed. 366, affirmed.

Error to a judgment of the Court of Appeals of the District of Columbia affirming a judgment for Gish in an action to recover the value of the use of a party wall by Walker.

*Mr. S. Herbert Giesy* for plaintiff in error.

No appearance for defendant in error.

Mr. CHIEF JUSTICE TAFT delivered the opinion of the Court.

Genevieve K. Gish sued Ernest G. Walker in the Municipal Court of the District of Columbia for $150 for the use of a party wall on premises 2327 Ashmead Place, Washington, in that part of the District of Columbia not included in the original Federal City, and recovered $144.63. Walker appealed the case to the Supreme Court of the District. That court on the first trial directed a verdict for Walker, the defendant, on the ground that he had not used the wall. On appeal, the Court of Appeals of the District reversed the judgment because the question whether the defendant used the wall was a disputable fact which should have been submitted to the jury. On the second trial, the court submitted the issue to the jury which found for the plaintiff, and fixed

the value of the use at $85. The Court of Appeals affirmed the judgment, and the case comes here by writ of error on the issue of the constitutional validity of the building regulations of the District of Columbia, which by the Act of June 14, 1878, c. 194, 20 Stat. 131, are given the effect of congressional legislation. It is urged that they deprived defendant of his property without due process of law, in violation of the Fifth Amendment. The question was seasonably raised by a request for a charge on the trial and by proper assignment of error in the proceedings for review. Judicial Code, § 250; *Smoot* v. *Heyl,* 227 U. S. 518, 522.

The history of the law of party walls in Washington is interesting. Its application is not free from difficulty in that part of the present Washington which was not included within the original Federal City. The original proprietors of the land in the Federal City conveyed it in trust to certain named persons to be laid out in such streets, squares and lots as the President of the United States should approve. Under the trust provisions, the lots to be sold or distributed were to be subject to such terms and conditions as might be thought reasonable by the President for regulating the materials and manner of the buildings and improvements. President Washington issued regulations, one of which is in force today. They provided that a person appointed to superintend buildings might enter on the land of any person to set out the foundation and regulate the walls to be built between party and party, as to the breadth and thickness thereof, that the foundations were to be laid equally upon each lot and to be of the breadth and thickness thought proper by the superintendent, that the first builder was to be reimbursed one-half of the cost of the wall, or so much thereof as the next builder might use, but that such use could not begin till he had paid the amount fixed by the superintendent. This has been held to be a condition

annexed to every house lot in the original Washington. *Miller* v. *Elliot,* 5 Cr. C. C. 543; 17 Fed. Cas. 315, No. 9568. It has been decided to be the only source of the right of a lot owner in Washington to put his party wall on his neighbor's land. *Fowler* v. *Saks,* 7 Mackey, 570, 579. By the Act of Congress of 1878, *supra,* the District Commissioners were authorized to establish building regulations which should have the force of law; but the regulation of General Washington was continued in force by them and applied not only to the Federal City but to the whole of Washington. The question then arose what was the effect of this regulation as applied to the outlying districts of the city which were not included in the lots of the Federal City, and which were not affected by the grant upon condition by the original owners of that city. This question was fully considered in the case of *Fowler* v. *Koehler,* 43 App. D. C. 349, which was a suit like the one at bar for the value of appropriated use of a party wall in the newer part of the city. The Court of Appeals of the District held that because party walls had in thousands of instances been erected by one of the adjoining owners on the lot of the other in the belief of both that it was the exercise of a lawful right as in the original city, a custom had grown up. So general was this that the court felt justified when erection of a party wall by one owner was without objection by the other, in implying an agreement which would rebut inference of a trespass. Thus there had developed a practical uniformity as to practice in respect of party walls and the law governing them between the lots in the Federal City and those outside, except where, in the outlying district, the adjoining owner objected to the erection of the wall at the time of the construction and took measures to prevent it. The court in *Fowler* v. *Koehler* further held that where party walls were erected in the outside district under such implied agreements, the same obligation to

contribute to the cost of the wall arose in the outlying district as against the adjoining owners as in the Federal City, if they used the party wall, and that the relations between the parties were regulated by the District building regulations.

We think the reasoning of the court in *Fowler v. Koehler* sustains its conclusion and that the conclusion helps to the solution of an unfortunately difficult matter of much importance. The status of the party wall in the case at bar is thus established. There is no evidence of the circumstances under which the party wall was erected and we must presume that it was done by the predecessor in title of the plaintiff below with the consent of a grantor of the defendant below.

Plaintiff in error says that even if this be true, the effect of the District regulations is equivalent to a statute and deprives him of his property without due process of law. The effect of §§ 74 and 56 of those regulations is, shortly stated, this: One of the two adjoining owners may build a two-story house and a party wall nine inches thick, occupying $4\frac{1}{2}$ inches of his neighbor's land. If, thereafter, his neighbor wishes to build a house of three stories, that neighbor is required to have his wall 13 inches thick. He can take down the existing party wall, but he can occupy only $4\frac{1}{2}$ inches of the other's lot and must pay all the expenses of the change, including the damage done to the owner of the two-story house, so that his party wall will be $8\frac{1}{2}$ inches on his own land, while he uses but $4\frac{1}{2}$ inches of his neighbor's. Or he can build a nine-inch wall against the two-story wall and widen his wall to 13 inches when it reaches the third story, resting on $4\frac{1}{2}$ inches of the original party wall on his own land. He thus is compelled to occupy with his wall 13 inches of his own lot and let his neighbor have $4\frac{1}{2}$ inches of his land without corresponding advantage. Counsel for plaintiff in error urges that the fundamental idea in the

institution of party walls is mutual benefit, (*Smoot* v. *Heyl*, 227 U. S. 518, 523), which implies equality of easement of support and of occupation of land between the neighbors, and that to give to the builder of the first wall such great advantage over his neighbors as these regulations give him deprives his neighbor of property without due process of law.

The questions thus raised might justify discussion if the plaintiff in error were in a position to urge them, and had not used the original party wall of which he complains. His contention below was that he had not used the wall of his neighbor, that he had built a new wall at the side of the original party wall as high as the original wall and then had widened it to 13 inches so as to extend over the original wall without resting on it. The jury found against him on this issue. If he did use the original wall, then he must pay for the value of the use. *Fowler* v. *Saks*, 7 Mackey, 570, 581; *Fowler* v. *Koehler*, 43 App. D. C. 349, 360. In using it, he waived the right to object to the regulations with which he complied without objection until he was called upon to pay his share of that which he had taken and used.

*The judgment is affirmed.*