## KRUPSAW et al. v. WELCH et al.

### No. 2573.

District Court of the United States for the District of Columbia.

July 30, 1940.

Harry Friedman, of Washington, D. C., for plaintiffs.

Louis Ottenberg, of Washington, D. C., for defendants.

LAWS, Associate Justice.

The evidence in this case showed that in January, 1936, plaintiff built a wall on the dividing line between his property and the property which the defendants held as trustees; that the wall was constructed pursuant to a permit given by the Building Inspector of the District of Columbia and in a manner subsequently approved by the Building Inspector. The testimony further indicated that the wall was 18 inches built of brick, at the base, extending 9 inches on each side from the center; that above the base, the wall was 13 inches wide, that is to say, 6½ inches on each side of the dividing line, and consisted of cinder block.

The plaintiff testified that before work was started on the wall he spoke to one of the defendant trustees, Mr. Welch, about the construction of the wall, explained to him that he was placing it between the two buildings, told him the cost to the plaintiff, and that Mr. Welch said while he did not expect he would use the wall, yet if he did, he would pay for one-half of the cost. On cross-examination, plaintiff stated that he knew Mr. Welch was one of the trustees for the neighboring property, that

Mr. Welch said nothing about any limitation on his power to contract for others, except he did say he had to take up the matter with his brother, or made some similar remark. Plaintiff also testified that at about September, 1937, defendants made use of the wall which plaintiff had constructed, put plaster against it, wired it, put railings on it,· and hung things on the wall. That at or about this time plaintiff was about to rent part of the building from the defendants and that while talking about renting the property, there was a conversation between the defendant, J. Clarence Welch, and the plaintiff, in which the defendant, Welch stated that when he got a proper tenant, he would pay for one-half of the wall.

Harry I. Passett, a general contractor called by the defendants, was asked by counsel for the defendants whether a cinder block wall, such as was built by the plaintiff, would bear the support of beams, floor joists and other reasonable support of an adjoining building, and in answer stated that he had not given consideration to this matter and could not answer definitely. There was a dispute between counsel as to whether this witness or the witness Gladny, another contractor, had testified whether the wall would bear the weight of beams and floor joists and this question was submitted to the jury for determination, the jury answering the question in the negative.

During the course of the trial, by request of counsel ·for the defendants, the jury was permitted to view the wall which had been constructed by the plaintiffs. The jury, under instructions of the court that a party wall must be one created for the equal benefit of adjoining property owners and must be structurally fit to be used as a support for beams, floor joists or other part of a normal structure, answered in the affirmative the question as to whether the wall in this case was a party wall. It seems that if the plaintiff must establish the wall to be suitable as a party wall, the answer of the jury could only have been based upon testimony as to the nature of the structure and the examination which the jury made of the wall. After giving the matter careful thought, I have concluded that this is sufficient. It seems to me that a structure 18 inches at the base, built of brick, and above the base consisting of 13 inches of cinder block, might reasonably be of such substantial character that it would bear

weight of the kind mentioned and that if it would not and was objectionable, the defendants should have protested, rather than make substantial use of the wall, as I feel they did, after it had been erected for more than a year.

But in addition, I find some authorities support the view that a wall of separation between two buildings is presumed to be a party wall. The following statement is made: "Every wall or separation between two buildings, is presumed to be a common or party wall, if the contrary be not shown, and this not only a rule of positive ordinance, but is a principle of ancient law." Campbell v. Mesier, 4 Johns.Ch., N.Y., 334, 340, 8 Am.Dec. 570; Bellenot v. Laub's Executor and others, 104 Va. 842, 847, 52 S.E. 698, citing Washburn on Easements, 4th Edition, p. 611. In Smoot v. Heyl, 227 U.S. 518, 33 S.Ct. 336, 57 L.Ed. 621, the Supreme Court referred to the definition of a party wall as a wall built upon the dividing line between adjoining premises, for their common use, stating that the fundamental idea is that of mutual benefit. While in this case it was pointed out that every sort of construction projecting over the boundary cannot be called a party wall, that it might be an injurious protuberance—yet one of the tests seemed to be laid down was that the wall might be available for common use of the parties. In the case of Robinson v. Hillman, 41 App.D.C. 191, 196, the court held it to be a sound proposition of law that if a wall is structurally fit to be utilized for the ordinary purposes of party wall, it does not cease to be a party wall because of lack of technical compliance with the regulations.

Here the plaintiff built a wall substantial in character, with knowledge of one of the trustees; the wall was built on the dividing line by a permit of the Building Inspector, who approved the work done. This wall remained constructed for more than a year and then the defendants made use of it. To say that one of the defendants, namely Ignatius Roberta Welch, had no knowledge of the wall at the time of its use, does not answer the question of implied liability, because if her co-trustee and she made use of the wall, knowledge of its character and existence was attributed to her.

I have considered the extent of the use which defendants made of the wall and feel the evidence shows a sufficiently substantial use to admit of recovery by the plaintiff.

Under the circumstances, I feel the finding of the court should be in favor of the plaintiff against the defendant trustees for half of the cost of this wall, based upon the finding of the jury in answer to the questions submitted.

So far as the individual liability of the defendant, John Clarence Welch, is concerned, the evidence does not show to my satisfaction that a definite contract was made by him. I further find the evidence as to any agreement on his part and particularly any consideration for such an agreement is unsatisfactory, if not entirely lacking. I, therefore, feel the court should not grant judgment against the said John Clarence Welch individually. There was no evidence whatever tending to show any individual liability on the part of the defendant, Ignatius Roberta Welch.

Accordingly, judgment will be entered for the plaintiff against the defendant trustees and in favor of each of the defendants individually.