## NEW YORK LIFE INS. CO. v. TAYLOR.
### No. 9205.

United States Court of Appeals
District of Columbia.

Argued Nov. 14, 1946.

Decided Dec. 9, 1946.

---

3 H.R.Rep.No.2635, 77th Cong. 2d Sess. (1942).

Mr. Francis M. Shea, of Washington, D. C., with whom Messrs. John Spalding Flannery, G. Bowdoin Craighill and A. Murray Preston, all of Washington, D. C., were on the brief, for appellant.

Mr. Lowry N. Coe, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and WILBUR K. MILLER, Associate Justices.

PER CURIAM.

This case was first decided by us in 1944 and again on rehearing as to one point in January, 1945.[1] On our remand to the United States District Court there was a second trial and, as on the first, a verdict and judgment for the plaintiff.

The action was brought under the double indemnity clause of an insurance policy, after the face amount had been paid. The Company defended on the ground that the death was not accidental.

On this appeal the case is submitted on two points—

"I. The Court below erred in excluding the proofs of death, offered in their entirety by defendant.

"II. The Court erred in excluding certain hospital records which were offered by defendant."

As to the second point it is enough to say that the precise question involved was decided on the former appeal, and more definitely on the rehearing. We are now asked to reexamine the question on the same facts as on the former hearing, but this we may not do under the well established rule that what is decided on an appeal cannot be examined on a second appeal brought in the same suit, since "The first decision has become the settled law of the case."[2] But, in the interest of clarification, we deem it proper to add that our former decision does not hold that hospital records, per se, are inadmissible under the Federal Shop Book Rule. In both trials below dozens of such records were received, and only those rejected which constituted hearsay, opinion or diagnosis, about which equally competent men could differ, and as to which cross-examination is necessary in eliciting the truth.

As to the first point, the question in precisely the same form in which it is now phrased was not decided on the former appeal. The record on the first trial shows that plaintiff had submitted in evidence company forms, filled out by herself and a friend, in order to conform to the Company's rule that due proofs of death should be submitted. These were admitted in evidence. Whereupon the Insurance Company offered the coroner's statement which contained a conclusion of suicide, admittedly hearsay. The action of the trial court in excluding this paper was approved by us, primarily on the ground that the paper was not authorized or adopted by the plaintiff, but we also said that wherever proofs of death are admissible at all, they should be admitted as an entirety. It is on the basis

---

[1] 1944, 79 U.S.App.D.C. 66, 147 F.2d 297.

[2] Thompson v. Maxwell Land-Grant Co., 1897, 168 U.S. 451, 456, 18 S.Ct. 121, 123, 42 L.Ed. 539; and see also: People of State of Illinois v. Illinois Central R. Co., 1902, 184 U.S. 77, 91, 93, 22 S.Ct. 300, 46 L.Ed. 440; Chaffin v. Taylor, 1886, 116 U.S. 567, 572, 6 S.Ct. 518, 29 L.Ed. 727; Chesapeake & Ohio Ry. Co. v. Mears, 4 Cir., 1934, 70 F.2d 490; Walker v. Gish, 1921, 51 App.D.C. 4, 5, 273 F. 366, 367, affirmed 1923, 260 U.S. 447, 43 S.Ct. 174, 67 L.Ed. 344; District of Columbia v. Brewer, 1909, 32 App.D.C. 388, 389.

of this last statement that counsel for the Insurance Company now claim error in the recent action of the trial court in rejecting all three proofs of death tendered by defendant as a whole. But this argument overlooks the fact that the coroner's paper was not admissible for any purpose, and this being so, the trial court properly thought that under our rule of admission of all or none, the other proofs received by the Insurance Company from plaintiff should also be excluded. If this was error, it does not lie in the mouth of the Insurance Company to challenge it, since it resulted in no prejudice to it.

It is readily apparent that what the Insurance Company was and is now seeking is the admission in evidence of an opinion gratuitously advanced in a report intended to express no more than the official record of the death, as to which concededly the coroner had no knowledge except as the result of rumor or conjecture. This was neither fair nor just, and without now considering whether in our former opinion the grounds assigned there for rejection of that paper were or were not too broadly stated, we adhere to our conclusion as to the result and accordingly affirm the judgment appealed from.

Affirmed.

EDGERTON, Associate Justice (concurring in the result).

In respect to point II, I concur in the result only, on the ground that a recent decision of this Court should not be overruled in the absence of extraordinary circumstances.