**CAPPELLETTI et al. v. AUERBACH et al.**

Civ. A. No. 984–49.

United States District Court
District of Columbia Circuit.

Jan. 9, 1949.

Joseph D. Di Leo, Washington, D. C., Herman Miller, Washington, D. C., for plaintiffs.

Joseph J. Lyman and Manuel Auerbach, Washington, D. C., for defendants.

MORRIS, Judge.

This is an action to enjoin the defendants from extending an existing party wall, and for damages claimed by reason of said wall having been erected and so extended. A temporary injunction was granted and later dissolved. The defendants deny any illegal encroachment upon the plaintiffs' property, asserting the right to extend the existing party wall under the provisions of deeds common to all property in the original Federal City, of which the property here involved is a part. The defendants by counterclaim seek contribution from the plaintiffs for the cost of erecting the party wall.

The main points relied upon by the plaintiffs are that the provisions in the original deeds should not be construed to apply to any but vacant property, and particularly not to property upon which had been erected a frame dwelling prior to the erection, or extension, of the brick party wall, and that, because of a deviation of 10.5 feet, hereinafter more particularly described, the extended party wall is not a true party wall within the meaning of that term which permits its erection on the boundary line between two lots.

The law respecting the erection of party walls in the District of Columbia is stated by Chief Justice Taft in the opinion of the Supreme Court in the case of Walker v. Gish, 260 U.S. 447, 449, 43 S. Ct. 174, 67 L.Ed. 344: "The history of the law of party walls in Washington is interesting. * * * The original proprietors of the land in the federal city conveyed it in trust to certain named persons to be laid out in such streets, squares and lots as the President of the United States should approve. Under the trust provi-

sions, the lots to be sold or distributed were to be subject to such terms and conditions as might be thought reasonable by the President for regulating the materials and manner of the buildings and improvements. President Washington issued regulations, one of which is in force to-day. They provided that a person appointed to superintend buildings might enter on the land of any person to set out the foundation and regulate the walls to be built between party and party, as to the breadth and thickness thereof, that the foundations were to be laid equally upon each lot and to be of the breadth and thickness thought proper by the superintendent, that the first builder was to be reimbursed one-half of the cost of the wall, or as much thereof as the next builder might use, but that such use could not begin till he had paid the amount fixed by the superintendent. This has been held to be a condition annexed to every house lot in the original Washington. Miller v. Elliot, 5 Cr.C.C. 543, 17 Fed.Cas. page 315, No. 9,568. It has been decided to be the only source of the right of a lot owner in Washington to put his party wall on his neighbor's land. Fowler v. Saks, 7 Mackey, 570, 579. * * *"

In Hutchins v. Munn, 22 App.D.C. 88, the right to erect a party wall between lots in the original Federal City, notwithstanding the existence of houses on both lots, and where the party wall was for an addition to one of them, even though such wall cut off the enjoyment of light and air from windows in the house of the objecting party, was clearly established. In part, the opinion in that case states, 22 App.D.C. at page 103:

"It will not be claimed that the regulation in express terms requires that he shall exercise his election once for all. Necessarily it must have occurred time and again since the first promulgation of the regulation, and will likewise occur in the future growth of the city, that an owner, owing to limited means or other controlling conditions, would build a small house at first and use but a limited portion of a ready constructed party wall. Subsequently, he, or his successor in the title, might find it necessary or desirable to extend the old building, or substitute it with another of greater size.

"On the other hand, the first builder might be immediately followed by the adjoining owner with a prolongation of the wall in the construction of a larger building. To say, in either case, that the power to build an additional party wall without mutual consent has become exhausted would be an unreasonable restriction, the intent to create which ought plainly to appear in the words of the regulation."

It is true that, in an early case in this jurisdiction by the then court of general jurisdiction, it was held that the regulation had application only to vacant property, Kraft v. Stott, 1841, Fed.Cas.No. 7,929, 1 Hayward & Hazelton's Circuit Court Reports 33. It is also true that Mann v. Boyts, 47 App.D.C. 356, while discussing some distinguishing features of the wall in controversy, ignored Hutchins v. Munn, and seems to be a distinct departure from the rule earlier laid down and sanctioned by the decisions of the Supreme Court in related cases dealing with property not within the original Federal City.

In the instant case, the original party wall was 48.04 feet in length and extended substantially equidistant on the property line. To this the addition which is in controversy extended from that point 10.5 feet, and set a few inches more on the defendants' property than it extended over the property line upon the plaintiffs' property in order to avoid cutting away the two-story enclosed porch of pebble-dash construction which is part of the plaintiffs' dwelling house. From that point, the wall in controversy extends 41 feet to the alley, and is in the same position respecting the property line as the original party wall. I do not think that this inset of 10½ feet, made to avoid injury to the plaintiffs' property, destroys the character of the wall as a party wall. The evidence is that the entire wall is suitable for use by the plaintiffs, if and when they desire to break into and make use of it. It may be that the inset in question is a consideration affecting the amount of contribution by the plaintiffs for the construction of the wall, if the plaintiffs make use of it.

My conclusion is that the defendants had the right to construct the party wall here in controversy, and that the plaintiffs are not entitled to any injunctive relief, nor to any damages for the alleged encroachment upon the plaintiffs' property. The evidence does not show that the dwelling house of the plaintiffs has been injured or damaged from the construction of the addition to the party wall here in controversy. The evidence does show that some damage has been done to the steps and concrete walkway, which latter was chipped for at least two inches for its entire length. This damage should be repaired, or compensation should be awarded to the plaintiffs therefor. The defendants have offered to make such repair, or to pay the reasonable cost thereof.

The defendants' counterclaim for contribution by the plaintiffs for the cost of construction to the addition of the party wall is without merit, as the evidence does not show that the plaintiffs have yet broken into and made use of such extended wall.

The Court will retain jurisdiction of the case until the defendants have made proper repair of the damage to the steps and walk hereinabove mentioned, or have paid reasonable costs to repair the same. Thereupon, a decree will be entered in accordance with the conclusions herein stated.