**WASHINGTON COCA–COLA BOT-TLING WORKS, Inc., Appellant,**

v.

**Eula A. TAWNEY, Appellee.**

**No. 13115.**

United States Court of Appeals District of Columbia Circuit.

Argued May 2, 1956.

Decided May 24, 1956.

Petition for Rehearing en Banc Denied July 2, 1956.

Mr. Cornelius H. Doherty, Washington, D. C., for appellant.

Mr. Ralph F. Berlow, Washington, D. C., with whom Messrs. William T. Hannan, Joseph F. Castiello, and Kent D. Thorup, Washington, D. C., were on the brief, for appellee.

Before EDGERTON, Chief Judge, and BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellee was awarded a jury verdict of $5,500 for personal injuries, and special damages incurred and anticipated, caused by fragments of a coca-cola bottle introduced into appellee's system while she was drinking a beverage bottled and sold by the appellant.

The trial court admitted in evidence under the so-called Federal Shop Book Rule,[1] entries in the medical records kept by a group of physicians, which concerned appellee's condition as observed by one of the physicians subsequent to the time

1.  28 U.S.C. § 1732 (1952).

when appellee drank the beverage. These entries included statements as to the presence of fragmented glass and fissures discovered during rectal examinations of appellee.

The only substantial question presented by this appeal is whether the records of examinations made by one of several physicians engaged in group practice may be received in evidence under the Federal Shop Book Rule upon being identified by a physician having access to the records and familiar with the procedures by which they were regularly kept. The physician who made the examination and the entries was not called as a witness.

Appellant's reliance on New York Life Ins. Co. v. Taylor, 1944, 79 U.S.App.D.C. 66, 147 F.2d 297, is misplaced. The case at bar does not present the issue involved in the Taylor case which dealt with the application of the Shop Book Rule to a hospital record containing an expression of opinion as to the existence of a psychoneurotic condition—a medical conclusion based on observation and in a field where competent experts very often disagree.

Although it was held in Taylor that the Shop Book Rule did not apply to a record of such a nature, this court also stated "Regularly recorded facts as to the patient's condition or treatment on which the observations of competent physicians would not differ are of the same character as records of sales or payrolls." 79 U.S.App.D.C. 66, 72, 147 F.2d 297, 303. The present case concerns the recording by a physician of his observations of physical facts as plain to the trained eye as a compound fracture,[2] and upon which competent physicians would not be likely to disagree.

Appellant has requested that appellee be taxed the cost of the portions of the stenographic transcript, prepared pursuant to appellee's counter-designation of the record in the trial court, which are not relevant to the issues on appeal, and which appellee did not seek to make a part of the Joint Appendix. We feel that the cost of transcribing these additional proceedings should be taxed against the appellee, pursuant to the provisions of Rule 75(e), Fed.Rules Civ.Proc. 28 U.S.C., and it will be so ordered.

We have examined the other contentions of the appellant and find no error affecting substantial rights.

Affirmed.

2. Wickman v. Bohle, 1938, 173 Md. 694, 196 A. 326. See Ulm v. Moore-McCormack Lines, Inc., 2 Cir., 1940, 115 F.2d 492, certiorari denied 1941, 313 U.S. 567, 61 S.Ct. 941, 85 L.Ed. 1525 (record admitted showing a deviation of the nasal septum); Adler v. New York Life Ins. Co., 8 Cir., 1929, 33 F.2d 827 (record admitted showing ulcers); cf. New York Life Ins. Co. v. Taylor, 1946, 81 U.S.App. D.C. 331, 158 F.2d 328.