**A. L. WHEELER, Appellant**

v.

**Helen Leary McCAULEY, Appellee.**

**No. 15441.**

United States Court of Appeals District of Columbia Circuit.

Argued March 9, 1960.

Decided May 19, 1960.

Mr. Emory N. Ellis, Jr., Washington, D. C., for appellant.

Mr. Samuel Herman, Washington, D. C., of the bar of the United States District Court for the District of Columbia, *pro hac vice*, by special leave of court, with whom Mr. George Jovanovich, Washington, D. C., was on the brief, for appellee.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

This case involves real estate situated in the Georgetown section of the District of Columbia. In constructing a new house, appellant Wheeler built a brick wall, resting it partly on his own land and partly on appellee McCauley's adjoining land. Appellee promptly protested, and brought suit alleging trespass and seeking an injunction, removal of the wall, and damages, because it interfered

with her use of an entranceway to her home. The court declined to order the wall removed, finding that appellant had acted in good faith, but assessed damages for trespass at $1,250.00. This appeal followed.

■ Appellant's main contention is that he was merely raising the height of an existing party wall between the two properties. The trial court rejected this contention, concluding that certain existing construction which appellee McCauley had erected was a curtain wall, "a wall for the purpose of protecting the view," and hence not a party wall. We find no basis in the record for saying that this conclusion was factually or legally erroneous. "It is manifest that not every sort of construction projecting over the boundary, although it may form part of the exterior wall of a building, can be called a party wall." Smoot v. Heyl, 1913, 227 U.S. 518 at page 523, 33 S.Ct. 336, at page 337, 57 L.Ed. 621.

■ Here the construction which appellee McCauley had erected, and which appellant would describe as an existing party wall, was not even part of the exterior wall of the McCauley building. It was an entranceway—a number of brick steps leading down to the McCauley basement—protected by a four-inch thick brick wall which ran up one side of the steps, largely for aesthetic purposes, and providing no direct benefit to the adjoining (Wheeler) land. This curtain wall was not converted into a party wall simply by reason of the fact that it was located on the adjoining land which Wheeler now owns, and that its foundations were partly on the McCauley land and partly on the Wheeler land. The entranceway and curtain wall were built for appellee McCauley's sole benefit, and were not intended for or capable of "common use" and "mutual benefit," as a party wall is. Smoot v. Heyl, supra, 227 U.S. at page 523, 33 S.Ct. at page 337. She had built them with the consent of Wheeler's predecessor in title, and they were in existence when Wheeler bought his land.

■ Appellant Wheeler destroyed the curtain wall just described, and replaced it with a brick wall of considerable thickness and height, forming one exterior wall of his house. In so doing, he built on the McCauley land to a width of four inches, resting his wall on the McCauley steps to that extent, and thus reducing their original width of 28½ inches to a scanty 24½ inches. The trial judge found, after inspecting the premises, that this rendered the entranceway substantially less useful and usable. The trial judge also found, correctly we think, that Wheeler's construction of the wall was done without Mrs. McCauley's consent. Cf. Fowler v. Koehler, 1915, 43 App.D.C. 349, 358–359; Walker v. Gish, 1923, 260 U.S. 447, 451, 43 S.Ct. 174, 67 L.Ed. 344. The award of damages is not in an unreasonable amount, and we perceive no valid reason for setting it aside. Cf. Fowler v. Saks, 1890, 7 Mackey 570, 578–581, 18 D.C. 570, 578, 581, 7 L.R.A. 649.

Affirmed.